DAVIS *v.* HOLMES.

(In Banc. Oct. 14, 1940. Suggestion of Error Overruled Nov. 11, 1940.)

[198 So. 25. No. 34242.]

**Justin J. Cassidy,** of McComb, and **Forrest B. Jackson,** of Jackson, for appellant.

Flowers, Brown & Hester, F. W. Bradshaw, and Robert Burns, Jr., all of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant had contracted to purchase the lot and the two-story brick residence located thereon at the corner of

Delaware Avenue and Sixth Street in the City of McComb. Appellee owns and occupies a commodious and well-kept residence immediately adjoining on the west, the two residences being separated by a distance of less than fifty feet. Appellant's purpose and plan in acquiring the corner lot residence aforesaid was to establish and conduct therein the business of an undertaker, generally called in this record a funeral home.

Upon learning of this purpose appellee objected, and being advised by appellant that the objection would be disregarded, appellee filed his bill for an injunction which, upon the hearing, was sustained by the trial court under the authority of Williams v. Montgomery, 184 Miss. 547, 186 So. 302.

Appellant contends that the cited case is not applicable, because, as he says, the location in question is not within a district strictly and exclusively residential, but rather that it is within what may be termed a semi-commercial area.

The material facts are not substantially disputed, and they are that in the seven blocks which surround the block in which the two aforementioned residences are located, there is only one commercial property and that is a grocery store of no great size, in connection with which a filling station is operated, at the corner of Delaware and Michigan Avenues, and about three hundred and seventy-five feet to the west of appellee's residence. In the block wherein the two residences in question are situated, there is a small grocery store facing Delaware Avenue and about three hundred feet west of appellee's residence, the two grocery stores being on the opposite sides of Delaware Avenue, and very nearly opposite each other. There is a small shop, called in the briefs a delicatessen shop, on the south side of the block and on Minnesota Avenue facing the public school buildings. In the eight blocks mentioned there are approximately seventy-five residences, according to the map, which is not questioned by either side, and the only property in the eight blocks

which may be characterized as commercial are the three small food furnishing places, and they have been there for a considerable time.

We are of the opinion that the area in question is essentially residential in character and that the presence of the three small commercial places, particularly in view of the nature of the business transacted there, is not of such material significance as to oust the district from the protection afforded under the rule announced in Williams v. Montgomery, supra. Compare Tureman v. Ketterlin, 304 Mo. 221, 263 S. W. 202, 43 A. L. R. 1155.

The other questions raised and argued do not, as we think, present any such difficulty as will require discussion of them.

Affirmed.