GILLESPIE, Presiding Justice.
This suit was instituted in the Chancery Court of Union County by Mr. and Mrs. Richard Sanders and Mr. and Mrs. W. O. Rutledge, hereinafter called complainants, against W. T. Lamar and National Funeral Home of New Albany, Mississippi, Inc., hereinafter called defendants. Complainants sought a decree perpetually enjoining defendants from establishing and operating a funeral home in New Albany, on a lot ad *319 joining the Sanders’ home and across the street from the Rutledges’ home. The chancellor denied the injunction and dismissed the suit. We reverse and enter judgment here for the relief prayed for by the complainants.
Complainants had owned and lived on their properties for many years prior to February 28, 1966, when the defendant Lamar purchased a residence located at the southeast intersection of Central Avenue and Main Street in the City of New Albany. Prior to Lamar’s purchase of the property, complainants made known to him their objections to the operation of a funeral home on the property.
Defendants planned to convert a residence located on the aforesaid lot into a funeral home which they proposed to operate with all the usual services, including embalming, providing a place for relatives to sit up with the dead and conducting funerals.
There is no substantial conflict in the evidence. New Albany has a population of slightly over 5,000. There is no zoning ordinance and no building permits are required. For the purpose of identification, the block wherein defendants propose to establish a funeral home will be referred to as Block 1. This block is exclusively residential. At the time defendant Lamar purchased the property, known as the Work property, located in the northwest corner of said Block 1, there were ten residences in said block and no vacant lots and no commercial establishments. The block immediately to the west of said Block 1 is exclusively residential except a telephone exchange located in the northwest corner. On the block immediately to the east of said Block 1 there are fifteen residences, a church, a school gymnasium, and the Union County Health Department located in the northwest corner. The block immediately to the south of said Block 1 is exclusively residential. On the block immediately to the north of said Block 1 there is located in the southwest corner, opposite the proposed funeral home property, the Shands Hospital which is being used, in part, as a physician’s office, but is not now being used as a hospital. Toward the east end of said block and facing Block 1 is a dental clinic. On the north side of said block, facing north, there is a combination dry cleaning and car wash business. The remaining part of the block is occupied by nine residences. The block to the southeast of Block 1 is occupied by a junior high school. The block to the northeast of Block 1 is an irregular shaped block and is all residential property except for a service station at the extreme east end which is approximately three blocks from the proposed funeral home property. The block to the southwest of said Block 1 is exclusively residential. The block cornering with Block 1 on the northwest has ten residences, a church and a service station, the service station being located on the southwest corner. Omitting churches and schools, which do not detract from the residential characteristics of a neighborhood, there are only seven commercial or service establishments within the nine block area having as its center Block 1 where defendants purpose to establish a funeral home. The record does not show the exact number of residences in the exclusively residential blocks south and southwest of Block 1, but it appears that there are in the aforementioned nine blocks over one hundred residences.
Since there is no dispute in the testimony with reference to the location of the proposed funeral home and all the non-residential property in the area involved in this case, it becomes a question of law whether complainants are entitled to have their residential property protected from the operation of the funeral home.
The Court has decided four cases involving the question under consideration. In Williams v. Montgomery, 184 Miss. 547, 186 So. 302 (1939), the decree of the chancery court enjoined the operation of a funeral home in an exclusively residential neighborhood. The Court said that although the funeral home was conducted in a modern and *320 approved manner, it was a nuisance in an exclusively residential area. The Court, taking judicial notice of the reactions of the normal person, said that one who has selected a quiet home for happiness and joy and comfort will, by the obtrusion of a funeral home in his immediate vicinity, have his right to comfort, repose and enjoyment in the home materially affected; and there must ensue a material depreciation of the value of the home and that a funeral home, although lawful and conducted in an approved manner, is a nuisance to those so affected.
In Davis v. Holmes, 189 Miss. 554, 198 So. 25 (1940) the Court again affirmed a decree enjoining the operation of a funeral home. In that case the seven-block area surrounding the block of property in question was residential except two small grocery stores in the block wherein the complainants’ residences were located, and another small shop in the area. The appellant in Davis v. Holmes, supra, contended that the area was not exclusively residential but -was semi-commercial and, therefore, Williams v. Montgomery, supra, did not apply. The Court rejected this argument, and said the area in question was “ * * * essentially residential in character and that the presence of three small commercial places, particularly in view of the nature of the business transacted there, is not of such material significance as to oust the district from the protection afforded under the rule announced in Williams v. Montgomery, supra.” 189 Miss at 558, 198 So. at 25. Thus the rule was established that the residents of an area “essentially residential in character” were entitled to protection against the operation of a funeral home in such area.
In Smith v. Fairchild, 193 Miss. 536, 10 So.2d 172 (1942), the chancery court dismissed a bill of complaint seeking an injunction against the location and operation of a funeral home in the City of Hatties-burg. This Court reversed and issued the injunction. The area involved in that case was residential except that opposite the funeral home there was an ice plant and a gasoline service station and a small grocery some 700 feet from the funeral home. The Court said that if a transition was taking place, it “ * * * has not reached the point where the residents are not entitled to protection.” 193 Miss, at 547, 10 So.2d at 174.
The last case on this question is May v. Upton, 233 Miss. 447, 102 So.2d 339 (1958), wherein this Court affirmed the chancery court’s decree denying an injunction and dismissing the complaint. In that case the Court recognized that complainants’ property, which was across the street from the funeral home, was on the edge of an essentially residential area, but no relief was granted because the funeral home was in a block which was exclusively commercial. The street between the funeral home and the complainants’ property was the dividing line between the commercial and essentially residential areas.
We are of the opinion that the trial court erred in holding that the area involved in this case was not essentially residential in character. The few scattered non-residential parcels are not such as to characterize the area as commercial. Especially is this true of the block where defendants propose to establish the funeral home, which is exclusively residential. The decree dismissing the bill of complaint is reversed and judgment entered here granting the injunction as prayed for in the bill of complaint.
We reach this decision without considering the testimony of the embalmer that the fumes from the embalming room would be exhausted toward the kitchen and outdoor living area of the Sanders’ residence. We find it unnecessary to consider whether this feature of the proposed operation would of itself entitle the Sanders to relief.
Reversed and judgment here for appellants.
JONES, INZER, SMITH and ROBERTSON, JJ., concur.